11-5445-cr
United States v. Arnold Bell

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand thirteen.

PRESENT: RALPH K. WINTER,
         RICHARD C. WESLEY,
         SUSAN L. CARNEY,
                 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                 *Appellee*,

        -v.-                          No. 11-5445-cr

ARNOLD BELL,

                 *Defendant-Appellant.*

---

FOR APPELLANT:     JEFFREY C. KESTENBAND, Kestenband Law
                   Firm LLC, Glastonbury, CT.

FOR APPELLEE:      JOHN H. DURHAM, Assistant United States
                   Attorney (Anthony E. Kaplan, Robert M.
                   Spector, Assistant United States
                   Attorneys, *on the brief*), *for* Deirdre M.
                   Daly, Acting United States Attorney for
                   the District of Connecticut, New Haven,
                   CT.

Appeal from the United States District Court for the District of Connecticut (Nevas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant-Appellant Arnold Bell appeals from a July 1, 2004 judgment of conviction and sentence imposed by the United States District Court for the District of Connecticut (Nevas, *J.*) following a jury trial. We assume the parties' familiarity with the facts and procedural history of this case.

Bell contends that the district court improperly denied two motions for a mistrial. Specifically, Bell argues that he is entitled to a new trial because during the prosecution's cross-examination of Bell, the prosecution (1) asked allegedly improper questions concerning the credibility and veracity of government witnesses that substantially prejudiced Bell; and (2) asked allegedly improper and prejudicial questions concerning statements Bell made in his trial testimony, but had not made in a post-arrest, post-*Miranda* statement.

The District Court did not abuse its discretion in denying Bell's two motions for a mistrial. With respect to

2

Bell's first claim, Bell is unable to demonstrate that the government's conduct, even were it improper, caused him substantial prejudice. *See United States v. Truman*, 688 F.3d 129 (2d Cir. 2012). The prosecution's cross-examination question that compelled Bell to characterize a government witness as "lying" was improper. *See United States v. Gaind*, 31 F.3d 73, 77 (2d Cir. 1994). However, the questions that compelled Bell to characterize government witnesses as mistaken were not. *Id.* Considering the prosecution's isolated and minor impropriety, in conjunction with the district court's curative instruction to the jury, Bell did not suffer substantial prejudice.

With respect to Bell's second claim, Bell is unable to show that the prosecution's questions were improper. Bell is correct that under *Doyle v. Ohio*, 426 U.S. 610 (1976), the prosecution may not use a defendant's *post-Miranda* silence for impeachment purposes. However, the prosecution's questions that Bell challenges on appeal were not posed for this improper purpose. Rather, the challenged questions identified inconsistencies between Bell's trial testimony and statements he had made during his post-arrest, post-*Miranda* statement. *Doyle* poses no bar to such

3

questions, which concern prior inconsistent statements only. *See Anderson v. Charles*, 447 U.S. 404, 408 (1980).

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk